UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

NORMA E. SHAPLEIGH
    Plaintiff,

v.                         CASE NO. 3:16-cv-1326(RNC)

ANDREW SAUL,
COMMISSIONER OF SOCIAL
SECURITY,
    Defendant.

## RULING AND ORDER

Norma Shapleigh appeals the denial of her applications for disability insurance benefits and supplemental security income benefits by the Commissioner of the Social Security Administration ("Commissioner").[1] Plaintiff moves for an order reversing the decision or, in the alternative, remanding the case for further proceedings. The Commissioner, in turn, has moved for an order affirming the decision. The principal issue on appeal is whether the ALJ correctly discounted the weight to be

---

[1] Under the Social Security Act, the "Commissioner of Social Security is directed to make findings of fact, and decisions as to the rights of any individual applying for a payment under [the Act]." 42 U.S.C. § 405(b)(1). The Commissioner's authority to make such findings and decisions is delegated to administrative law judges ("ALJs"). See C.F.R. §§ 404.929 et seq. Claimants can in turn appeal an ALJ's decision to the Social Security Appeals Council. See 20 C.F.R. §§ 404.967 et seq. If the appeals council declines review or affirms the ALJ's decision, the claimant may seek judicial review in district court. Section 205(g) of the Social Security Act provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

1

given the opinion of a treating physician. I agree with the plaintiff that a remand is necessary to ensure compliance with the treating physician rule.

I. Background

On August 5, 2014, plaintiff filed an application for disability benefits claiming she had been disabled for about two months.[2] A disability adjudicator denied plaintiff's request for disability benefits and thereafter denied a request for reconsideration. On March 30, 2016, plaintiff appeared with counsel for a hearing before an ALJ. Several weeks later, the ALJ issued a decision denying benefits. The appeals council denied plaintiff's request for review of the decision. This appeal followed.

I assume the parties' familiarity with the facts and therefore provide only a brief summary.

At the hearing before the ALJ, plaintiff testified that severe pain restricts her ability to work because she cannot stand, sit, or crouch for very long. She described experiencing pain resulting from reaching and manipulating small items. She acknowledged being able to engage in daily activities of self-

---

[2] To be entitled to disability benefits, a plaintiff must "have enough social security earnings to be insured for disability, as described in § 404.130." 20 C.F.R. § 404.315(a)(1). The records indicate plaintiff's "date last insured" is December 2019. R. at 221.

care and manipulate small objects like buttons, zippers, fruit and cigarettes.

Plaintiff first complained of significant neck and lower back pain after a rear-end motor vehicle collision in July 2009. She was eventually seen by Dr. Cloutier, a family practitioner, and reported a continuing history of chronic back pain. Dr. Cloutier began treating plaintiff in March 2014 and was continuing to treat her at the time of the hearing in March 2016.

Dr. Cloutier's treatment notes indicate that plaintiff had scoliosis and chronic back pain, as well as a relatively mild neck injury that was expected to improve. The notes show that she had a normal range of motion and no weakness. Between November 2014 and January 2016, plaintiff was seen by other treatment providers for chronic back pain, scoliosis and carpal tunnel symptoms.

Dr. Cloutier has completed several medical source statements. The first, dated March 16, 2015, states that plaintiff was limited to lifting no more than ten pounds, standing or walking for up to two hours per day, and sitting for up to two hours per day, and that she was to avoid repetitive pushing/pulling and bilateral rotation of the hands, as well as repetitive bending, climbing, carrying, pushing, pulling, and overhead reaching. The other source statements completed by Dr. Cloutier describe similar limitations. For instance, a statement

dated January 7, 2016, described plaintiff as limited to twenty minutes of sitting during a work day.

On September 19, 2014, a consultative examination was performed by Herbert Reiher, MD. He noted that plaintiff experienced back and neck pain. However, he placed significantly less restrictive conditions on her ability to work. He found that she could sit, walk and stand for six hours and frequently lift fifteen pounds. Two state-agency medical consultants also submitted findings based on their review of the record, which are generally consistent with Dr. Reiher's findings.

II. Legal Standard

"A district court reviewing a final . . . decision [of the Commissioner of Social Security] pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), is performing an appellate function." Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981). "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, [are] conclusive . . . ." 42 U.S.C. § 405(g). Accordingly, the court may not make a de novo determination of whether a plaintiff is disabled in reviewing a denial of disability benefits. Id.; Wagner v. Sec'y of Health & Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the court's function is to ascertain whether the Commissioner applied the correct legal principles, and whether the decision is supported by substantial evidence.

4

Johnson v. Bowen, 817 F.2d 983, 985 (2d Cir. 1987); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982). Substantial evidence means "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence must be "more than a mere scintilla or a touch of proof here and there in the record." Id.

The Social Security Act establishes that benefits are payable to individuals who have a disability. 42 U.S.C. § 423(a)(1). "The term 'disability' means . . . [an] inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . ." 42 U.S.C. § 423(d)(1). In order to determine whether a claimant is disabled within the meaning of the Social Security Act, the ALJ must follow a five-step evaluation process as promulgated by the Commissioner.[3]

---

[3] The five steps are as follows: (1) The Commissioner considers whether the claimant is currently engaged in substantial gainful activity; (2) if not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities; (3) if the claimant has a "severe impairment," the Commissioner must ask whether, based solely on the medical evidence, the claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience; (4) if the impairment is not "listed" in the regulations, the Commissioner then asks whether,

In order to be considered disabled, an individual's impairment must be "of such severity that [s]he is not only unable to do h[er] previous work but cannot . . . engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "[W]ork which exists in the national economy means work which exists in significant numbers either in the region where such individual lives or in several regions of the country." Id.[4]

III. Discussion

The crux of this appeal concerns the ALJ's decision to give "little weight" to Dr. Cloutier's opinion. Plaintiff contends that the ALJ did not provide a good explanation for doing so as required by the treating physician rule. The Commissioner responds that the ALJ's decision comports with the treating physician rule because Dr. Cloutier's conclusions lack support in her treatment notes and plaintiff's testimony, and are

---

despite the claimant's severe impairment, he or she has the residual functional capacity to perform his or her past work; and (5) if the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform. The Commissioner bears the burden of proof on this last step, while the claimant has the burden on the first four steps. 20 C.F.R. § 416.920(a)(4)(i)-(v).

[4] The determination of whether such work exists in the national economy is made without regard to: 1) "whether such work exists in the immediate area in which [the claimant] lives;" 2) "whether a specific job vacancy exists for [the claimant];" or 3) "whether [the claimant] would be hired if [s]he applied for work." Id.

6

inconsistent with the evidence provided by the consultative physicians. I conclude that Plaintiff has the better of the argument.

Under the treating physician rule, "the opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it 'is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" Burgess v. Astrue, 537 F.3d 117, 128 (2d Cir. 2008) (quoting 20 C.F.R. § 404.1527(d)(2)); see also Mariani v. Colvin, 567 F. App'x 8, 10 (2d Cir. 2014) (holding that "[a] treating physician's opinion need not be given controlling weight where it is not well-supported or is not consistent with the opinions of other medical experts" where those other opinions amount to "substantial evidence to undermine the opinion of the treating physician"). "The regulations further provide that even if controlling weight is not given to the opinions of the treating physician, the ALJ may still assign some weight to those views, and must specifically explain the weight that is actually given to the opinion." Schrack v. Astrue, 608 F. Supp. 2d 297, 301 (D. Conn. 2009) (citing Schupp v. Barnhart, No. Civ. 3:02CV103(WWE), 2004 WL 1660579, at *9 (D. Conn. Mar. 12, 2004)). It is "within the province of the ALJ to credit portions of a treating

7

physician's report while declining to accept other portions of the same report, where the record contained conflicting opinions on the same medical condition." Pavia v. Colvin, No. 6:14-cv-06379 (MAT), 2015 WL 4644537, at *4 (W.D.N.Y. Aug. 4, 2015) (citing Veino v. Barnhart, 312 F.3d 578, 588 (2d Cir. 2002)). In determining the weight a medical opinion should receive, the ALJ considers the examining relationship, the treatment relationship, the length of treatment, the nature and extent of treatment, evidence in support of the medical opinion, consistency with the record, specialty in the medical field, and any other relevant factors. 20 C.F.R. § 404.1527.

Here, the ALJ did not fully explain the factors he considered in deciding to give "little weight" to Dr. Cloutier's opinion. The ALJ stated only that there were some discrepancies between her report and other evidence in the record. R. at 20. The ALJ did not comment on the factors listed in the regulation. In the context of this case, the lack of a fuller explanation in accordance with the regulation requires a remand for several reasons.

First, Dr. Cloutier had the longest treating relationship with the plaintiff, which generally weighs in favor of giving an opinion more weight. Burgess v. Astrue, 537 F.3d 117, 129 (2d Cir. 2008) ("[T]he longer a treating source has treated [the claimant] and the more times [the claimant] ha[s] been seen by a

treating source, the more weight [the Commissioner] will give to the source's medical opinion.") (quoting 20 C.F.R. § 404.1527(d)(2)(I)) (alterations in original except capitalization). Dr. Cloutier began treating the plaintiff no later than March 2014 and continued to do so at the time of the hearing in March 2016. R. at 565-68, 606-08.

Second, the ALJ did not explicitly consider the nature and extent of the treatment relationship between Dr. Cloutier and the plaintiff. Other physicians treated plaintiff from time to time, but Dr. Cloutier was her family physician. As such, Dr. Cloutier may have been in a better position to evaluate plaintiff's capacity to work.

Third, the ALJ's finding of an inconsistency between Dr. Cloutier's opinion and her treatment notes is not well-supported. The ALJ observed that Dr. Cloutier describes significant restrictions on plaintiff's ability to work, but "specific [treatment] notes show full strength of all extremities . . . normal gait and full leg strength." R. at 20. In some cases, this inconsistency may warrant giving little weight to a treating physician's opinion, provided the significance of the inconsistency is established by competent evidence. See Jeffrey v. Colvin, No. 12-CV-0498(MAT), 2014 WL 4923392, at *9 (W.D.N.Y. Sept. 30, 2014) (noting that physical evaluations showing "full strength" were not consistent with "complaints of debilitating

9

pain."). In this case, though, the significance of the inconsistency noted by the ALJ is unexplained by competent evidence and the inconsistency may be of no real consequence. Dr. Cloutier's evaluation of plaintiff's capacity to work is based on plaintiff's chronic pain, not lack of strength. See Green-Younger v. Barnhart, 335 F.3d 99, 108 (2d Cir. 2003) (subjective pain may support disability claim even if unaccompanied by positive clinical findings of other objective medical evidence). Moreover, the treatment notes do not say that plaintiff can sit, stand, stoop, or crouch for a longer period of time than described by Dr. Cloutier.

When an ALJ's decision falls short of providing "good reasons" for discounting a treating physician's opinion, as required by the treating physician rule, a remand may be avoided if the ALJ's decision nonetheless has substantial support in the record. See Atwater v. Astrue, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear."). In this case, however, the ALJ's decision relies heavily on findings by nontreating physicians in assigning plaintiff a residual functional capacity to perform light work. If Dr. Cloutier's opinion is explicitly given careful consideration in accordance with the detailed requirements of the treating physician rule, the opinion may be found to deserve

greater weight.  In that case, the disability determination might well change, as the vocational expert testified that the limits described by Dr. Cloutier would restrict plaintiff from working in her previous jobs.  See R. at 101-03.

IV. Conclusion

Plaintiff's motion is granted in part and the Commissioner's motion is denied.  The case is remanded to the Commissioner for further proceedings in accordance with this ruling.

So ordered this 30th day of September 2019.

/s/ RNC
Robert N. Chatigny
United States District Judge